# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**THOMAS EDWARD BURKE, JR.**                                                                **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:19-CV-P9-TBR**

**JAMES ERWIN** *et al.*                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Edward Burke, Jr., filed this *pro se*, *in forma pauperis* complaint[1] pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, this action will be dismissed in part and allowed to continue in part, and Plaintiff will be given an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner currently incarcerated at Luther Luckett Correctional Complex, but he raises claims arising from his detention at Kentucky State Penitentiary (KSP). As Defendants in their individual and official capacities, Plaintiff names Kentucky Department of Corrections Commissioner James Erwin; KSP Warden Deedra Hart; KSP Correctional Officer Will Lynn; KSP Correctional Officers/Caseworkers Amy Fisher and James Harris; KSP Assistant Warden Bruce Vondwenglo; and "Guards And Staff" at KSP. Plaintiff alleges failure-to-protect claims under the Eighth Amendment and state-law claims of negligence, assault and battery, and intentional infliction of emotional distress. The Court construes the complaint as also containing a retaliation claim under the First Amendment.

---

[1] Because Plaintiff filed a complaint (DN 1) that was not on a § 1983 form, the Clerk of Court issued a deficiency notice directing Plaintiff to file his complaint on a § 1983 form. Plaintiff complied, and the § 1983 form complaint was filed with the original complaint as DN 1-4. The Court construes these two filings combined as the complaint.

According to the complaint, Plaintiff was assaulted on two occasions at KSP. The first assault occurred on August 25, 2018. Plaintiff alleges that on that date, Inmate Sean Nokes[2] "was heard loudly vocolizing his personal disdain" for Plaintiff and another inmate, who were sitting on the wall by form 6-Cellhouses entrance, and told Plaintiff "'Gonna gitcha Burke . . . Gonna cut ya deep!'" (ellipsis by Plaintiff). Plaintiff claims that later that day, he was "visciously attacked" by Inmate Nokes, who stabbed him "five times, 4 times in the head and 1 time in the shoulder."

Plaintiff asserts:

> In the years I have been at the [KSP], it is known by staff and inmates that Sean Nokes has brutally assaulted a number of times people he deems to be sex-offenders or in prison slag "Chomo's". He justifies his lust for extreme violence in this fashion! The prisons administration knew of this. There are many people on the prison yard that are routinely extorted by inmate gangs and individuals. Prison staff is aware of Sean Nokes violent tendencies and time after time release him back on the yard. The inmate that spoke to [Defendant] C/O Will Lynn in confindence told him about what he had witnessed as he over heard Sean Nokes saying. C/O Will Lynn blew it off and stated that he "knew Sean Nokes and what he was about" as matter-of-fact, in a thats "just the way it is" kind of way. Other inmates have written anonymous letters to Internal Affairs regarding the concerns of this matter! Other inmates are in real danger! And fear for there lives, Not only from other inmates . . . but from prison staff as well!

Plaintiff further asserts that at some unspecified time, Defendant Lynn told him, "in a barely concerned matter than 'the policy of the staff at [KSP] is re-active rather than pro-active." He claims that Defendant Lynn knew that there was a substantial risk to Plaintiff's life and failed to protect him.

---

[2] At other times, Plaintiff spells this inmate's name as "Noakes."

Plaintiff additionally claims that Defendants Warden Hart and Caseworkers Fisher and Harris "knew through prison records that inmate Sean Nokes had attacked other prison inmates but failed there duties to protect other inmates and [Plaintiff] from harm" and "knew . . . that there was a substantial risk to inmates on the prisons yard when they repeatedly released Sean Nokes from segregation after he has attacked other inmates."

Plaintiff also alleges that Defendants Hart, Vondwenglo, "Staff and Guards," Fisher, and Harris were negligent with respect to the attack by Inmate Nokes; that non-Defendant Inmate Nokes committed the torts of assault and battery; and that Defendant Lynn and non-Defendant Inmate Nokes caused intentional infliction of emotional distress.

As to the second assault, Plaintiff alleges that he was attacked on December 31, 2018, by Inmate Zacharus Bishop during lunch. Plaintiff reports that he was sitting at a lunch table in the dining hall when Inmate Bishop told him to get up because he wanted to sit there. Plaintiff reports that when he declined to leave, Inmate Bishop dumped Plaintiff's food tray, left the table, and went to the outside area of the picnic tables under a pavilion. Plaintiff reports going to the pavilion where Inmate Bishop and other inmates were standing and asking why Inmate Bishop dumped his tray. Plaintiff states, "But, this is when [] Bishop[] grabed [Plaintiff] and slung him to the ground and started to beat him in the head. As Guards responded, [] Bishop [] leaves the area." Thereafter, claims Plaintiff, both he and Inmate Bishop were taken to administrative segregation.

Plaintiff claims that "Prison Guards and staff knew that there would be a substantial risk" to Plaintiff's "life, that he would be seriously harmed" and further that "Prison Guards and staff" failed to respond reasonably to protect Plaintiff," because when they saw Inmate Bishop attack Plaintiff "during the Lunch time meal . . . they just stood there and done nothing."

In the parties' section of the complaint, Plaintiff describes Defendant Commissioner Erwin as "legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the [KSP]."

Finally, in Plaintiff's § 1983 form complaint, he alleges, "I was Released from my Job because I filed This Complaint in This Court," which the Court construes as a First Amendment retaliation claim.

As relief, Plaintiff seeks compensatory and punitive damages, declaratory relief, and preliminary and permanent injunctive relief ordering Defendants to stop any future attacks on him by other inmates in gangs.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

*Declaratory and injunctive relief*

Plaintiff has been transferred from KSP to Luther Luckett Correctional Complex. A case, or portion thereof, becomes moot when events occur which resolve the controversy underlying it.

*Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's release from prison or transfer to another prison moots his request for injunctive and declaratory relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding in a § 1983 case, that "to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail"). Because Plaintiff is no longer incarcerated at KSP, his requests for declaratory and injunctive relief will be dismissed.

### *Official-capacity claims for damages*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The claims brought against all Defendants in their official capacities, therefore, are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against the state Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims for damages against all Defendants will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

*Commissioner Erwin*

Plaintiff does not allege any facts involving Defendant Commissioner Erwin in the complaint. In the "Defendants" section of the complaint, however, he describes Defendant Commissioner Erwin as "legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the [KSP]."

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, for a supervisor such as Defendant Erwin to be held liable under § 1983, Plaintiff must allege that Defendant Erwin was personally involved in the alleged unconstitutional conduct. Plaintiff does not do so and, therefore, fails to state a claim against Defendant Erwin.

*Failure to protect*

The Eighth Amendment imposes a duty on prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511

U.S. 825, 832 (1994) (citation omitted). "In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted). However, actual knowledge also can exist where an inmate presents evidence showing that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" and that the "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842-43 (internal quotation marks omitted). In these cases, "it does not matter . . . whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843; *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) ("[A]wareness can be demonstrated through 'inference from circumstantial evidence,' and a prison official cannot 'escape liability . . . by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault.'") (quoting *Farmer*, 511 U.S. at 842-43).

Based on this standard, the Court, at this initial review stage, will allow the Eighth Amendment, failure-to-protect claims regarding the assaults against Plaintiff to proceed against Defendants Hart, Lynn, Fisher, and Harris.

The Court also will allow the state-law claims of negligence to continue against Defendants Hart, Lynn, Fisher, Harris, and Vondwenglo[3] and of intentional infliction of

---

[3] Plaintiff named Defendant Vondwenglo as a Defendant in his § 1983 form complaint and alleged only a negligence claim against him.

emotional distress to continue against Defendant Lynn. As Plaintiff fails to allege any assault and battery by any Defendant, the assault and battery claims will be dismissed.[4]

As to Defendants "Guards and Staff," Plaintiff alleges only negligence claims against them, asserting that they "Failed to use reasonable care and have the duty to keep [Plaintiff] safe and protect him from unreasonable risk" and that they "breached there duty to keep [Plaintiff] safe and protect him from being Attacked and stabed by Inmate Sean Noakes." Broadly suing "Guards and Staff" is insufficient to place any specific guard/staff on notice as to any claim against him or her. Therefore, the Court will dismiss the negligence claims against Defendants "Guards and Staff." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (indicating that a plaintiff must comply with the Federal Rules of Civil Procedure by providing a defendant with "fair notice of the basis for [his] claims"). Plaintiff may amend the complaint, however, to name any other staff or guards or other persons, in their individual capacities, that he alleges were involved in his federal failure-to-protect claims and/or various state-law claims and to provide details surrounding the claims against them. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

### *Retaliation claim*

Plaintiff alleges that he lost his prison job because he filed this case. He does not state who was responsible for removing him from his job or any other details. The Court will allow Plaintiff to amend his complaint to name the person(s) responsible for the alleged retaliation and to provide any other details.

---

[4] Plaintiff alleges these claims only against non-Defendant Inmate Nokes.

## IV. ORDER

On initial review of the complaint pursuant to 28 U.S.C. § 1915A, and for the foregoing reasons, **IT IS ORDERED as follows**:

(1) **The following claims shall continue:** the Eighth Amendment, failure-to-protect claims with respect to the KSP assaults against Defendants Hart, Lynn, Fisher, and Harris in their individual capacities for damages and the state-law claims of negligence against Defendants Hart, Lynn, Fisher, Harris, and Vondwenglo and of intentional infliction of emotional distress against Defendant Lynn. In allowing these claims to continue, the Court passes no judgment on the merit or ultimate outcome of these claims.

(2) All remaining claims (with the exception of the retaliation claim that the Court is allowing Plaintiff to amend) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

(3) As all claims against Defendant Erwin have been dismissed, the Clerk of Court is **DIRECTED to terminate Defendant Erwin** from this action.

(4) **Within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint (1) naming any other staff or guards or other persons that he alleges were involved in his federal and/or state-law claims surrounding his assaults and providing details surrounding those claims; and/or (2) naming the person(s) allegedly responsible for his termination from his job in retaliation for filing this lawsuit and providing details surrounding that claim. Any new Defendants must be sued in their individual capacities. The Clerk of Court is **DIRECTED to send** Plaintiff a copy of the prisoner § 1983 form with this case

number and "AMENDED" affixed thereto. Once that 30-day period has expired, the Court will conduct an initial review of the amended complaint, if one is filed, and enter an order governing service and setting deadlines for the development of the remaining claims.

Date: July 16, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005